RCH:EDP/MWG
F. #2018R00784

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\*   NOVEMBER 21, 2023   \*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

  - against -

WALTER STANZIONE and
WILLIAM NEOGRA,

  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. __23-CR-482__
(T. 18, U.S.C., §§ 981(a)(1)(C), 1349
and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

**Judge Rachel P. Kovner**
**Magistrate Judge Joseph A. Marutollo**

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.   The Defendants and Relevant Entities

1.   Fire Alarm Electrical Corporation, alone and in conjunction with its partners and various predecessors in interest (collectively, "Fire Alarm"), was a company located in Brooklyn, New York and East Meadow, New York.

2.   The defendant WALTER STANZIONE exercised primary control over Fire Alarm's operations.

3.   The defendant WILLIAM NEOGRA served as the defendant WALTER STANZIONE's second in command at Fire Alarm, holding various titles including Vice President and President.

II.   The Scheme to Defraud

4.   In or about and between approximately 2009 and 2020, Fire Alarm held contracts with several New York City agencies, including the New York City Department of Citywide Administrative Services ("DCAS"), the New York City Department of Environmental Protection ("DEP"), the New York City Department of Education ("DOE") and the New York City Department of Sanitation ("DSNY") (collectively, the "City Agencies"), to install, repair, replace and maintain fire alarm systems in buildings owned and managed by the City Agencies (collectively, the "Contracts").

5.   In connection with the Contracts, Fire Alarm was required to submit documents to the City Agencies on a monthly basis detailing the work it had performed in buildings administered by the City Agencies (the "Monthly Submissions"). Among the documents that Fire Alarm included in the Monthly Submissions were invoices and other paperwork documenting the materials purchased and installed by Fire Alarm in those buildings. The Monthly Submissions also, at times, contained certifications stating that the information submitted to the City Agencies was truthful and accurate. Based on these Monthly Submissions and certifications, the City Agencies wired payments to Fire Alarm.

6.   Between 2009 and 2020, the defendants WALTER STANZIONE and WILLIAM NEOGRA, together with others, submitted and caused to be submitted Monthly Submissions containing fraudulent invoices, which, among other things, requested payment for fire alarm parts and supplies at artificially inflated prices, and fire alarm part and supply models that did not exist.

7.   In furtherance of the fraud and to conceal the fraud, the defendants WALTER STANZIONE and WILLIAM NEOGRA, together with others, submitted and

caused to be submitted to the City Agencies invoices and other paperwork in the names of shell corporate entities controlled by STANZIONE and co-conspirators (the "Shell Entities"). The defendants used the materials bearing the names of the Shell Entities to invoice fire alarm parts at inflated prices, knowing that Fire Alarm had actually purchased the invoiced materials from different, legitimate retailers.

8. To further execute the fraud and conceal the fraud, the defendants WALTER STANZIONE and WILLIAM NEOGRA, together with others, also submitted and caused to be submitted to the City Agencies invoices and other paperwork that had been fabricated and fraudulently modified in order to appear as if they had been issued by legitimate retailers. As with the invoices and paperwork relating to the Shell Entities, the defendants included these fabricated and modified materials in the Monthly Submissions in order to seek payment from the City Agencies for fire alarm parts at inflated prices.

9. Between 2009 and 2020, based, in part, on these Monthly Submissions containing the fraudulent invoices and certifications described above, the City Agencies authorized and disbursed payments to Fire Alarm. These payments were made by interstate wire transfer to bank accounts controlled by Fire Alarm.

WIRE FRAUD CONSPIRACY

10. The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between 2009 and 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WALTER STANZIONE and WILLIAM NEOGRA, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the City Agencies, and to

obtain money and property from the City Agencies by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds, to wit: wire transfers, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

12. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

5

to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*Mary Beth Glickman*
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: #2018R00784
FORM DBD-34
JUN. 85

No. _____

**UNITED STATES DISTRICT COURT**

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

WALTER STANZIONE and WILLIAM NEOGRA,

Defendants.

**INDICTMENT**

(T. 18, U.S.C., §§ 981(a)(1)(C), 1349 and 3551 *et seq.*; T. 21, U.S.C. § 853(p); 28 U.S.C. § 2461(c))

*A true bill.*

___Mary Beth Glickman___
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

*Erik D. Paulsen and Michael W. Gibaldi, Asst. U.S. Attorneys (718) 254-7000*